## James et al. v. James.

Jan. 23, 1940.

James C. Clay and J. H. Powers for appellants.

R. M. Clay and Lester Hogge for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

On February 26, 1936, the appellants, O. L. James and his wife, Berca James, executed a note to Malinda James, the mother of O. L., for $500 for money which they had borrowed from her. The note was due and payable in 12 months and was secured by a mortgage on realty which was executed by the appellees on February 27th, 1936. The appellee, Ora James, is a brother of O. L. James. The following assignment appears on the back of the note:

"Feb 27, 1936

"I Malinda James here by turn over to Ora James this note and the contents their of which shall

be his part of my estate This note is secured by mortgage of even date.

"[Signed] Malinda James

"J. W. Fouch

"A. H. Alfrey

"Wit Linnie Fouch"

The body of the clerk's certification on the mortgage showed that the note was lodged for record December 8, 1926. However, the date above the clerk's signature was December 8, 1936. After giving the mortgage book in which the mortgage was recorded, the county clerk stated in his deposition that it was lodged for record December 8, 1936, and was recorded August 16, 1937.

The appellee filed this action to collect the note. The appellants answered admitting that they had executed a note to Malinda James for $500 and at the same time they had executed a mortgage on real property to secure its payment. They alleged that, if the note was assigned to the appellee, it was done so without consideration and after it was past due. They alleged further that they had paid the note in full before the death of Mrs. James, and that the appellee, if and when he took the note, took it with knowledge that it had been paid. The appellee filed a reply denying the affirmative allegations of the answer. From a judgment in favor of Ora James in the sum of $500 the appellants are appealing.

Counsel for the appellants states in his brief that:

"This is wholly a question of fact, it needs no citations of authorities, fraud and unfairness, and while a note may have executed to the mother, it is but human to know that every child that loves its parents will do just what O. L. James did in the circumstances of this case.

"I respectfully urge a careful reading of the record confident that the court will sustain the claim of this son and that whatever he might have furnished her to sustain her body or undertook to sustain her life will be allowed to him as a credit against the note of which the appellee, his brother, has tried to inforce without regard to affection or anything."

The appellants own a store, and the record shows that the appellee traded out $30 interest on the note with them. One of the persons who witnessed the assignment

of the note on February 27th, testified that he wrote the assignment at the direction of Malinda James, and that she signed it in his presence and in the presence of the other two witnesses. The appellants sought to show that Mrs. James carried an open account at their store and that, in addition to certain payments on the note, they had furnished her with sufficient goods to satisfy the balance.

The appellee insists that he was a holder of the note in due course under Section 3720b-52 of the Statutes, and also that the evidence supports the judgment. The record fully substantiates these contentions.

The attention of counsel for both parties is called to the Rules of this Court on Briefs. Rule V, subsection 2.

Judgment affirmed.